IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-114 |
| | ) | |
| VERONICA STEWART; SGT. MOORE; and SGT. ROBINSON, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Smith State Prison, filed this case pursuant to 42 U.S.C. § 1983 regarding events at Telfair State Prison. Plaintiff has filed an emergency motion to be placed in protective custody at Smith State Prison. (Doc. no. 45.) For the reasons set forth below, the Court **REPORTS and RECOMMENDS** Defendant's emergency motion be **DENIED**.

**I.     Background**

On January 12, 2023, the Court found Plaintiff arguably stated viable retaliation and failure to protect claims against Defendants Stewart, Moore, and Robinson for their actions against Plaintiff while he was incarcerated at Telfair State Prison. (See doc. no. 24.) All Defendants are Telfair State Prison employees, and Defendant named no parties at Smith State Prison in his complaint.

In his emergency motion, Plaintiff alleges he was transferred to Smith State Prison in retaliation for an undescribed action, and he immediately requested protective custody from

Smith State Prison Warden Beasley. (Doc. no. 45, p. 1.) Warden Beasley already knew Plaintiff and denied his request. (Id. at 1-2.) Plaintiff now lives in the general population, and on April 17, 2023 thirteen gang member inmates questioned Plaintiff to determine from where he was transferred. (Id. at 2.) Warden Beasley entered the dorm to talk to the gang members, but the gang members "took the whole dormitory hostage." (Id. at 3.) CERT officers fired flash bang grenades and tear gas into the dorm. (Id.) Twenty inmates were injured but denied medical care, including Plaintiff. (Id. at 3, 6.) Plaintiff requests protective custody as relief.

## II.     Discussion

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

As a preliminary matter, the Court lacks jurisdiction to enter a restraining order or injunction against those who are not parties to the lawsuit. Holmes v. Williams, No. 6:15-cv-12, 2015 WL 4429092, at *8 (S.D. Ga. July 20, 2015) (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995)). Plaintiff seeks action by Warden Beasley, who is not and has never been a party to this case. The Defendants at Telfair State Prison are unable to provide Plaintiff's requested injunctive relief.

Regardless, Plaintiff has not met his burden of persuasion as to all four requirements. Plaintiff has not shown that he will be irreparably harmed if the injunction does not issue. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."). Plaintiff describes a singular event of inmate violence that was not directed or initiated against him personally. He provides no details why he is threatened by gang members at Smith State Prison or how that relates to his complaint allegations. Plaintiff has not shown he will suffer irreparable injury, and he likewise has not shown a substantial likelihood of success on the merits of his complaint, which his emergency motion does not discuss.

He has also failed to show the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. The law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Plaintiff's requested relief—protective custody—would certainly be an interference with Smith State Prison and Georgia Department of Corrections operations, especially as Plaintiff states "there is no protective custody here at Smith." (Doc. no. 45, p. 1.) Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's motion. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (*per curiam*).

Thus, Plaintiff is not entitled to the relief he seeks. The Court **REPORTS** and **RECOMMENDS** Plaintiff's emergency motion be **DENIED**. (Doc. no. 45.)

SO REPORTED and RECOMMENDED this 28th day of April, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA